**In re Fred Daniel HAGENDORFER, Brenda Blanchard Hagendorfer, Debtors.**

**Bankruptcy No. 83–00472.
Misc. No. 83–0073.**

United States Bankruptcy Court, S.D. Alabama.

Jan. 3, 1984.

William S. Shulman, Mobile, Ala., and Jerry L. Thornton, Hayneville, Ala., for movant.

Robert P. Denniston, Mobile, Ala., for debtors.

## ORDER

WILL G. CAFFEY, Jr., Bankruptcy Judge.

This matter having come on for hearing upon the Motion of Maurice E. Marlette, Jr. for relief from the stay of 11 U.S.C. § 362 in order to foreclose his interest in certain real property located in Lowndes County, Alabama, more particularly described in said motion; due notice of hearing having been given; and the matter having been consolidated for the purpose of trial with the Motion of Phillip B. Teague for relief from the stay of 11 U.S.C. § 362; and evidence having been presented;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

The debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 5, 1983. Although the debtors have been involved in various business ventures, their principal occupation is farming.

On January 9, 1978 the debtors purchased the following described real property located in Lowndes County, Alabama, from Maurice E. Marlette, Jr. and Elizabeth S. Marlette:

The North Half of Section 34, Township 14, Range 14; the South Half of Section 27, Township 14, Range 14; the Southwest Quarter of Southwest Quarter of Section 26, Township 14, Range 14. Containing an aggregate total acreage of 680 acres, more or less.

The purchase price of the property was $380,000.00 (approximately $560.00 per acre) with the debtors making a downpayment of $80,000.00 and executing a note for the balance of $300,000.00, with interest at the rate of 8% per annum, secured by a purchase money mortgage on the property. This mortgage was recorded in the Office of Judge of Probate of Lowndes County, Alabama, on January 9, 1978.

Under the terms of the note, the debtors were to pay twenty (20) annual installments of $30,558.00 each commencing on the 9th day of January, 1979, and on the same day of each year thereafter until paid in full. The debtors did not make the payment due January 9, 1983. Nor could the debtor, Fred Hagendorfer, give any assurances that the installment due January 9, 1984 would, or could, be paid.

The present balance due on the Marlette note is as follows:

| | |
|---|---|
| Principal | $270,448.92 |
| Interest accrued to 12–9–83 | 42,890.55 |
| Expenses (exclusive of attorney's fees) | |
|   Foreclosure advertisement | 58.90 |
| Taxes due | 2,383.09 |
| Total | $315,781.46 |

The mortgage provides for the payment of fees and expenses associated with foreclosure should such event take place.

Three appraisers testified as to the value of the land at issue herein. All used the comparable sales approach in reaching their valuations.

Movants' appraiser, Coma Deas, valued the Marlette property at $315,000.00, or approximately $463.00 per acre.

Bob Dickson, testifying on behalf of the debtors, placed a value of $650.00 per acre, or $442,000.00; and Joseph M. Courtney also testifying on behalf of the debtors, valued the property at $600.00 per acre, or $408,000.00.

The debtor, Fred Hagendorfer, was of the opinion that the land had a value of $800.00 per acre.

Prior to 1983, the debtors farmed the land. During 1983 the land was subject to the Payment In Kind program under which certain amounts of acreage are withheld from farm production. The debtors expect a PIK payment of $9,000.00 for participating in the 1983 program.

At the present time the debtors have proposed to lease the combined Marlette and Teague land for farming, sharing in a portion of the proceeds derived from the sale of the proposed crop to be planted, which is wheat. They estimate that they will receive about $44,000.00 from this lease.

The debtors executed four (4) notes in favor of Farmers Home Administration in the total principal amount of $416,540.00, secured by a mortgage on real property located in Lowndes County, Alabama, including the Marlette property described above, and on property located in Baldwin County, Alabama. This mortgage was recorded in the Office of Judge of Probate, Lowndes County, Alabama, on April 28, 1981.

The balance due the FmHA as of the date of the hearing of this matter was $295,355.58; however, the value of the other parcels of property covered by this mortgage was not shown by the evidence.

## CONCLUSIONS OF LAW

Based upon all of the evidence introduced, and recognizing that the valuation of real estate is basically a matter of educated opinion, the Court concludes that the property involved here has a value of $550.00 per acre, or $374,000.00. Therefore, there appears to be an equity therein in favor of the debtors, not considering the effect of the FmHA mortgage indebtedness because of the inconclusive evidence presented in that regard.

Section 362(d)(2) of the Code provides that a stay of an act against property shall be terminated, annulled, modified, or conditioned if two conditions are met, viz: (1) the debtor does not have an equity in the property, *and* (2) the property is not necessary to an effective reorganization. The conditions must exist conjunctively in order for relief to be granted; and, if either there is an equity in the property, or the property is needed for an effective reorganization, relief cannot be granted under this subsection. Bankruptcy Code, Section 362(d)(2); *In re Lake Tahoe Land Co., Inc.*, 6 B.C.D. 262, 5 B.R. 34 (Bkrtcy.D.Nev.1980); *In re John R. Tucker*, 6 B.C.D. 699, 5 B.R. 180 (700) (Bkrtcy.S.D., N.Y.1980).

This Section reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under Section 362(d)(1). *In re San Clemente Estates*, 6 B.C.D. 838 (841), 5 B.R. 605 (Bkrtcy.S.D., Cal.1980).

With regard to the property herein, the evidence indicates that there is an equity; and since the debtors are farmers, the property is deemed necessary to the debtors' effective reorganization. Therefore, relief cannot be granted under Section 362(d)(2); and the question reverts to "adequate protection" under Section 362(d)(1).

The latter subsection provides that relief from the Stay may be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." Bankruptcy Code, Section 362(d)(1).

In construing this Section a line of cases have emerged which define adequate protection in form of an "equity cushion." See: *In re San Clemente Estates, supra.*

These cases take the position that where the difference between the outstanding debt and the value of the property involved is substantial, an equity cushion exists which in and of itself affords "adequate protection." As interest accrues, or depreciation advances, the cushion weakens; and at some indefinable point the Stay may be lifted.

■ For the reasons set out by Bankruptcy Judge Mabey in the case of *In re Alyucan Interstate Corp.*, 7 B.C.D. 1123, 12 B.R. 803 (Bkrtcy.D.Utah–1981) this Court rejects the "equity cushion" theory, and adopts the position that "adequate protection", as contained in Section 362(d)(1) is concerned with *the value* of the secured party's interest in the property. That interest which must be adequately protected is measured by the value of the lien. The purpose of adequate protection is to guard against impairment of that lien during the hiatus between the filing of the petition in bankruptcy and the confirmation of the plan, or if the reorganization aborts, between the filing of the petition and dismissal of the proceeding.

■ The value of the secured party's lien, or interest, can be determined by comparing the amount of the debt, principal and accrued interest, any costs and expenses incurred in protecting that interest as allowed by the security instrument, and the increase or decline in the value of the property held as security. If the value of the lien has decreased following the filing of the petition in bankruptcy, the secured creditor is entitled to protection, even if there is sufficient equity to pay the indebtedness in full on foreclosure or liquidation. See: *Gartman Enterprises, Inc. (First National Bank of Mobile v. Gartman Enterprises, Inc.)* (SD, Ala.-Bkcy, Case No. 82–00504, Adv. No. 82–0458, January 14, 1983.)

■ Under Section 362(g) the burden is upon the party seeking relief from the Stay on the issue of the debtor's equity in the property; and the burden is upon the party opposing the relief as to all other issues. Bankruptcy Code, Section 362(g).

■ As to the issue of "adequate protection" under Section 362(d)(1), the burden is upon the debtor. It is not for the Court to devise the method of providing adequate protection, instead it is committed to the debtor to propose the method to be used. H.R. Report No. 595, 9th Congress, 1st Sess., page 338; *In re San Clemente Estates*, 6 B.C.D. 838 (841), 5 B.R. 605 (Bkrtcy.S.D., Calif.1980).

■ The debtors have relied entirely upon the "equity cushion" to provide protection, and have offered no other "protection" to offset the decline in the value of the lien occasioned by the non-payment of the installments due, the accrual of interest, and the additional costs and expenses incurred by movant in attempting to protect his secured interest in the property. In short, the debtors have failed to prove adequate protection, and the relief sought by movant is due to be granted.

### ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the relief sought in the Motion of Maurice E. Marlette, Jr. be, and it hereby is, GRANTED; and the stay of 11 U.S.C. 362 is hereby TERMINATED insofar as it relates to the following described real property located in Lowndes County, Alabama, viz:

The North Half of Section 34, Township 14, Range 14; the South Half of Section 27, Township 14, Range 14; the Southwest Quarter of Southwest Quarter of Section 26, Township 14, Range 14. Containing an aggregate total acreage of 680 acres, more or less;

and Maurice E. Marlette, Jr. is hereby authorized to foreclose his interest in said real property in accordance with the terms of his mortgage and applicable laws of the State of Alabama.