Fred Daniel HAGENDORFER and
Brenda Blanchard Hagendorfer,
Appellants,

v.

Maurice E. MARLETTE, Jr., Appellee.

Fred Daniel HAGENDORFER and
Brenda Blanchard Hagendorfer,
Appellants,

v.

Phillip B. TEAGUE, Appellee.

Civ. Nos. 84–0230–P, 84–0231–P.
Bankruptcy No. 83–00472.
Misc. Nos. 83–0073, 83–0077.

United States District Court,
S.D. Alabama, S.D.

July 31, 1984.

---

ORDER ON APPEAL

PITTMAN, Senior Judge.

This is an appeal from two orders entered by the Bankruptcy Court on January 3, 1984 granting companion motions for relief from automatic stay filed by the creditors, Maurice E. Marlette, Jr. (Mar-

lette) (Misc. No. 83–0073) and Phillip B. Teague (Teague) (Misc. No. 83–0077). The Bankruptcy Court, 42 B.R. 13, having consolidated the two cases for trial, also entered an order consolidating the record in the two cases on this appeal on the motion of the debtors. Oral argument on this appeal was had on July 3, 1984.

I.

The issue on appeal is whether the creditors herein are entitled to relief from the automatic stay of action against the subject properties, see 11 U.S.C. § 362(a)(1) (Supp. III 1979). The Bankruptcy Court held that the creditors were entitled to such relief under Section 362(d)(1) of the Bankruptcy Code, 11 U.S.C. § 362(d)(1) (Supp. III 1979), which provides that relief from the automatic stay may be granted to a party in interest "for cause, including the lack of adequate protection of an interest in property. of such party in interest...." Thus, the resolution of this appeal turns on the Bankruptcy Court's interpretation of "adequate protection" as applied to the facts of this case.

The balance due on the Marlette note, as found by the Bankruptcy Court on January 3, 1984, is as follows:

| | |
|---|---|
| Principal | $270,448.92 |
| Interest accrued to 12/9/83 at 8% per annum | 42,890.55 |
| Expenses (exclusive of attorneys' fees) | 58.90 |
| Taxes due | 2,383.09 |
| Total | $315,781.46 |

The Bankruptcy Court further found that the value of the 680-acre Marlette property was $500.00 per acre, or a total of $374,-000.00, leaving a differential of $58,218.54 between the balance due and the value of the property.

The balance due on the Teague note as found by the Bankruptcy Court on January 3, 1984, is as follows:

| | |
|---|---|
| Principal | $119,845.34 |
| Interest accrued to 12/9/83 at 8% per annum | 18,176.69 |
| Expenses (exclusive of attorneys' fees) | 74.48 |

Taxes due 1,021.33
Total $139,117.84

The Bankruptcy Court further found that the value of the 290-acre Teague property was $550.00 per acre, or a total of $159,500.00, leaving a differential of $20,382.16 between the balance due and the value of the property.

Although the debtors urge that the Bankruptcy Court undervalued the Marlette and Teague properties, this court finds that the valuations are not clearly erroneous and will stand.

## II.

The debtor takes the position that the differentials between the debts owed and the values of the Marlette and Teague properties, respectively, constitute an "equity cushion" between the debts and the collateral properties, and that the equity cushion in each case constitutes "adequate protection" within the meaning of Section 362(d)(1). Although there is some authority for this proposition, see In re San Clemente Estates, 5 B.R. 605 (S.D.Cal.1980), the Bankruptcy Court rejected the equity cushion theory:

For the reasons set out by Bankruptcy Judge Mabey in the case of In re Alyucan Interstate Corp., 7 BCD 1123 [12 B.R. 803] (D.Utah-1981) this Court rejects the "equity cushion" theory, and adopts the position that "adequate protection", as contained in Section 362(d)(1) is concerned with the value of the secured party's interest in the property. That interest which must be adequately protected is measured by the value of the lien. The purpose of adequate protection is to guard against impairment of that lien during the hiatus between the filing of the petition in bankruptcy and the confirmation of the plan, or if the reorganization aborts, between the filing of the petition and dismissal of the proceeding.

The value of the secured party's lien, or interest, can be determined by comparing the amount of the debt, principal and accrued interest, any costs and expenses incurred in protecting that interest as allowed by the security instrument, and the increase or decline in the value of the property held as security. If the value of the lien has decreased following the filing of the petition in bankruptcy, the secured creditor is entitled to protection, even if there is sufficient equity to pay the indebtedness in full on foreclosure or liquidation.

Because the only protection offered by the debtors in this case consisted of an equity cushion, the Bankruptcy Court concluded that the creditors were entitled to relief.

## III.

This court is not inclined to follow the reasoning of the Bankruptcy Court in its entirety. There may be cases in which an equity cushion would provide the creditor adequate protection. In the present case, however, as will be shown more fully below, the equity cushion offered is plainly inadequate, and continues to deteriorate rapidly. For this reason, this court affirms the conclusions of the Bankruptcy Court. This court at this time neither accepts nor rejects the "equity cushion" theory as a possible analysis for the determination of adequate protection.

The debtor argues that the $58,218.54 equity cushion constitutes adequate protection of the Marlette lien, and that the $20,382.16 equity cushion is adequate protection of the Teague lien. The record shows that the debtors have made no payment on either debt, and that interest continues to accrue on the debts at the rate of 8% per annum. Interest on the Marlette note has accrued and continues to accrue at the rate of $1,802.99 per month on the principal alone; the Teague interest accrues at $798.96 per month on principal alone. During the hiatus between December 9, 1983 and July 9, 1984, interest on the Marlette principal totals $12,620.93; interest on the Teague principal totals $5,592.72. Because no payments have been made on either debt, the respective equity cushions have eroded and continue to erode accordingly. Thus, the purported equity cushion on the

Marlette lien is only $45,597.61; the Teague cushion only $14,789.44.

The Marlette equity cushion thus figured, $45,597.61, is only 12.2% of the value of the Marlette property ($374,000.00). The Teague equity cushion thus figured is only 9.3% of the value of the Teague property ($159,500.00). These percentages alone are inadequate. *See In re Pitts,* 2 B.R. 476, 478 (C.D.Cal.1979) (15% cushion held "minimal"); *In re Tucker,* 5 B.R. 180 (S.D.N.Y.1980) (7.4% held inadequate). *Cf. In re San Clemente Estates,* 5 B.R. 605 (S.D.Cal.1980) (65% held adequate).

The court wishes to point out that these calculations demonstrate only a portion of the equity erosion in this case. Interest continues to accrue on this debt, with no indication of payments forthcoming. Attorneys' fees, new taxes, and future foreclosure costs have not been factored in; these expenses would further erode the respective equity cushions. The figures herein, moreover, are demonstrative only, and in no way purport to establish the limits of the appellants' indebtedness to the creditors.

The record further shows that there has been no reorganization plan submitted to the Bankruptcy Court for over one year. Further, the court takes judicial notice of the difficulty involved in financing the planting of a crop; it is unlikely that any profitable crop will be planted any time soon. These factors further militate against enforcing the stay.

For the reasons set forth herein, the order of the Bankruptcy Court is AFFIRMED.